

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Seyed Koshkebaghi, | ) Docket No.: 2015-06-1155 |
| Employee, | ) |
| v. | ) State File Number: 74360-2015 |
| Bell Auto Sales, Inc., | ) |
| Employer. | ) Judge Kenneth M. Switzer |
| | ) |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This case came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Seyed Koshkebaghi, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether the employer, Bell Auto Sales, is subject to the Workers' Compensation Law. For the reasons set forth below, the Court finds Bell is an employer pursuant to the statute and Mr. Koshkebaghi is entitled to the relief he seeks.[1]

### History of Claim

Mr. Koshkebaghi is a forty-one-year-old resident of Davidson County, Tennessee. He worked at Bell Auto Sales as a shop manager, where his duties were to test-drive vehicles and, if necessary, order parts to make them ready for sale. On July 6, 2015, he test-drove a vehicle and, upon completion, noticed liquid dripping from beneath it. When he opened the hood to investigate the leak, the radiator hose immediately shot liquid into his face, burning his face and eyes.

Mr. Koshkebaghi testified he first went to the Southern Hills emergency room, and then required eight days' hospitalization at Vanderbilt (*See generally* Ex. 3) and approximately one month at home to recuperate from his injuries. He still takes medication related to the injury, and his doctor told him he might permanently suffer

---

[1] A complete listing of the technical record and exhibits admitted at the expedited hearing is attached to this order as an appendix. Mr. Koshkebaghi primarily speaks Farsi. A state-registered court interpreter, Mousa Sadreddini, provided interpretation services during the expedited hearing.

after-effects from this accident. Although Bell cross-examined Mr. Koshkebaghi extensively regarding the mechanism of injury, Bell ultimately agreed Mr. Koshkebaghi suffered a work-related injury.

Concerning the circumstances of Mr. Koshkebaghi's employment, he testified six employees worked for Bell on the date of injury: 1) Dariush Alibaigi; 2) Jamshid (surname unknown to Mr. Koshkebaghi); 3) an unidentified salesperson; 4) "Choui," a mechanic; 5) "Parham," a vehicle washer; and 6) himself. He does not know how Bell paid the others. According to Mr. Koshkebaghi, they all reported to work in the morning and left late in the afternoon.

Alireza Nourabadi, a/k/a Al Rabiei,[2] testified he is Bell's owner and his company is an active Tennessee corporation. According to him, at the time of Mr. Koshkebaghi's injury, Bell did not have five salaried employees. He acknowledged the following three individuals as employees: 1) Jamshid Goshtasvi, a salaried bookkeeper; 2) Dariush Alibaigi, a salaried and commission-based salesperson; and 3) Jesus Cadena, a/k/a "Choui," a mechanic. He testified the other salesperson, "Victor" (surname unknown), was paid commission only and he is no longer employed at Bell. According to Mr. Rabiei, Mr. Parham was paid a flat rate per vehicle washed, and he denied that Mr. Parham kept regular hours at Bell but rather Mr. Parham was "on-call." For tax purposes, both Victor and Mr. Parham received 1099s rather than W2s.

Mr. Koshkebaghi filed a Petition for Benefit Determination seeking medical and temporary disability benefits.[3] The parties did not resolve the disputed issues through mediation, and the mediating specialist filed a Dispute Certification Notice. Mr. Koshkebaghi filed a Request for Expedited Hearing, and this Court heard the matter on May 18, 2016.

Mr. Koshkebaghi waived entitlement to past temporary total disability benefits at the expedited hearing.[4] The parties stipulated Mr. Rabiei paid Mr. Koshkebaghi's emergency room bill. According to Mr. Koshkebaghi, his private health insurance paid the bills for hospitalization at Vanderbilt.

---

[2] The Petition for Benefit Determination (T.R. 1) lists Mr. Nourabadi as Bell's contact person. Mr. Nourabadi testified this is his legal name, but he goes by the name "Al Rabiei," and "Rabiei" is his middle name. Throughout the expedited hearing, Bell's counsel referred to him as Mr. Rabiei, and since it is his preference, the Court will also refer to him in that fashion throughout this order.

[3] Mr. Koshkebaghi filed an earlier Petition for Benefit Determination regarding injuries allegedly sustained on the same date of injury, but the Court dismissed the petition without prejudice to its refiling. *See generally* T.R. 1-4.

[4] To be precise, after much questioning on cross-examination regarding Mr. Koshkebaghi's entitlement to past temporary total disability benefits, he stated, "I have never asked for money." Bell's counsel characterized this statement as a waiver. The Court, likewise, interprets this statement as a waiver of past temporary total disability benefits at the expedited hearing stage, but notes the language barrier might have played a role in the exchange. Mr. Koshkebaghi is not foreclosed from seeking such benefits at the compensation hearing.

## Findings of Fact and Conclusions of Law

In order to grant the relief Mr. Koshkebaghi seeks, the Court must apply the following legal principles. Mr. Koshkebaghi bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Koshkebaghi need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Koshkebaghi has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*

Tennessee Code Annotated section 50-6-102(13) (2015) defines an "employer" as "any individual, firm, association or corporation . . . using the services of not less than five (5) persons for pay." Further, the Workers' Compensation Law does not apply "[i]n cases where fewer than five (5) persons are regularly employed[.]" Tenn. Code Ann. § 50-6-106(5) (2015). The five-person requirement for employers has been in place almost since the very beginning of workers' compensation in Tennessee. *See generally Ezell v. Tipton*, 264 S.W. 355 (Tenn. 1924). For almost as long, the Workers' Compensation Law has placed the burden of proof on the claimant to show the employer used the services of five or more persons. *See King v. Buckeye Oil Co.*, 296 S.W. 3 (Tenn. 1927).

The statute additionally states, "'Employee' includes every person . . . in the service of an employer, as defined in subdivision (13), *under any contract of hire[.]*" Tenn. Code. Ann. § 50-6-102(12)(A) (2015) (emphasis added). In *Garner v. Reed,* the full Tennessee Supreme Court cited *The American Heritage Dictionary of the English Language* to define the word "hire" as "to engage the services of a (a person) for a fee; to employ." *Garner v. Reed,* 856 S.W. 698, 700 (Tenn. 1993).[5] The *Garner* Court held, "In order for one to be an employee of another for purposes of our Worker's Compensation Law, it is, therefore, required that there be an express or implied agreement for the alleged employer to remunerate the alleged employee for his services in behalf of the former." *Id.* The Court went on to quote Professor Larson's treatise to observe, "the word 'hire' connotes payment of some kind." *Id.* at 701.

---

[5] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Applying these legal principles to the facts of this case, the Court finds Bell employed a minimum of five persons on the date of injury. The parties do not dispute the employee status of 1) Mr. Koshkebaghi, 2) the bookkeeper, 3) the salesperson (Dariush) and 4) the mechanic. This leaves Victor and Mr. Parham. By Mr. Rabiei's own admission, Bell paid Victor on a commission basis. The Court finds this payment-by-commission arrangement to be an "agreement for the . . . employer to remunerate the . . . employee for his services in behalf of the former," as explained in *Garner*. Therefore, Victor was an employee. Further, Mr. Rabiei conceded paying Mr. Parham based upon the number of vehicles he washed. Whether he worked full- or part-time, maintained predictable work hours, or had wages withheld for tax purposes are considerations that bear no legal significance under *Garner*.[6] Thus, Mr. Koshkebaghi has come forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits regarding Bell's status as an employer subject to the Workers' Compensation Law.

Turning now to the requested relief, the parties agreed at this time there are no outstanding medical bills for past care. Mr. Koshkebaghi testified he requires ongoing medical care. He further testified, without objection, that his physician told him he might suffer a permanent disability as a result of the workplace incident.

Ordinarily when an employee reports a work-related accident resulting in injury, the Court orders the employer to offer a panel of three or more independent, reputable physicians in the injured employee's community from which the employee selects one to be the treating physician. *See* Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). However, in this case, according to Mr. Koshkebaghi's testimony, he continues to see providers at Vanderbilt, who presumably possess complete knowledge of the injury and treatment progress to date. Common sense dictates they continue to serve as his treatment provider, rather than ordering Bell to provide a panel of physicians who are unfamiliar with his history. The Court reviewed the Vanderbilt records and notes multiple physicians, including ophthalmologists, evaluated Mr. Koshkebaghi, but at the hearing, he did not identify which Vanderbilt physician provides ongoing outpatient care. That physician shall be designated as the authorized treatment provider, and Bell shall furnish, free of charge to Mr. Koshkebaghi, the medical treatment he or she deems reasonably necessary by the workplace accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015).

---

[6] The Court additionally observes that the Workers' Compensation Panel, relying upon *Garner*, held when a corporate officer received payment from a corporation, it "statutorily qualifies him as an employee of the corporation." *Douglas v. Graves Gold Leaf Gallery*, No. 02S01-9801-CH-00011, 1998 Tenn. LEXIS 454, at *4-7 (Tenn. Workers' Comp. Panel Sept. 1, 1998). In this case, Mr. Rabiei testified he is the "owner" of Bell, but neither party questioned him regarding whether Bell compensated Mr. Rabiei at the time of Mr. Koshkebaghi's injury. Therefore, on the record presently before this Court, it cannot find Mr. Rabiei as an additional employee for purposes of whether the Workers' Compensation Law applies.

**IT IS, THEREFORE, ORDERED** as follows:

1. Bell shall provide Mr. Koshkebaghi with additional medical treatment at Vanderbilt for his injuries as required by Tennessee Code Annotated section 50-6-204 (2015). Mr. Koshkebaghi or Vanderbilt shall furnish Bell the medical bills for prompt payment.

2. Mr. Koshkebaghi's request for past temporary total disability benefits is denied at this time.

3. This matter is set for an Initial (Scheduling) Hearing on July 11, 2016, at 9:45 a.m.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 24th day of May, 2016.**

Judge Kenneth M. Switzer
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

5

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Seyed Koshkebaghi
2. Vanderbilt Medical Center statement of account, for identification only
3. Vanderbilt medical records

Technical record:[7]
4. Petition for Benefit Determination
5. Dispute Certification Notice
6. Show Cause Order
7. Order to Dismiss
8. Petition for Benefit Determination
9. Dispute Certification Notice
8. Request for Expedited Hearing

---

[7] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the expedited hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of May, 2016.

| Name | Regular Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Seyed Koshkebaghi, Self-represented Employee | X | | X | ak13532000@gmail.com; 437 Mountain High Drive, Cane Ridge TN 37013 |
| Bob Travis, Employer's Counsel | X | | | 107 S. Greenwood St., Suite B, Lebanon TN 37087 |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov